UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRAMOD AMBALAL PAREKH,<br><br>                Petitioner,<br><br>   v.<br><br>WILLIAM BARR, et al.,<br><br>                Respondents. | CASE NO. C19-798-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Pramod Parekh initiated this 28 U.S.C. § 2241 habeas action *pro se* to obtain release from immigration detention or a bond hearing. Dkt. 1. The Government moved to dismiss, arguing that Mr. Parekh was subject to a final order of removal and thus properly detained while it worked to remove him to India. Dkt. 6. Mr. Parekh did not file an opposition. On August 1, 2019, the Government file a motion to supplement its motion to dismiss, informing the Court that Mr. Parekh was removed from the United States on July 31, 2019, and asking the Court to dismiss this action as moot. Dkt. 11.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the

petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Mr. Parekh's habeas petition challenges only the length of his immigration detention, his claims were fully resolved by release from custody. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Mr. Parekh's habeas petition should be dismissed as moot. *See id.*

The Court thus recommends that the Government's motion to supplement and dismiss as moot, Dkt. 11, be **GRANTED**, the Government's original motion to dismiss, Dkt. 6, be **DENIED** as moot, Mr. Parekh's habeas petition be **DENIED**, and this action be **DISMISSED** without prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **September 5, 2019.** The Clerk should note the matter for **September 6, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed three pages. The failure to timely object may affect the right to appeal.

DATED this 19th day of August, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge